UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO REYNOSO,

　　　　　Plaintiff,

　　v.

RECOLOGY INC.,

　　　　　Defendant.

Case No. 25-cv-07122-TSH

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 10

## I.　INTRODUCTION

Plaintiff Eduardo Reynoso filed a complaint in San Francisco Superior Court against Defendant Recology Inc. ("Recology") for claims arising out of Reynoso's employment with Recology. ECF No. 1-2. Recology removed the action on federal question grounds. ECF No. 1 ("Not. of Removal"). Pending before the Court is Reynoso's Motion to Remand. ECF No. 10 ("Mot."). The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the October 16, 2025, hearing. For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.　BACKGROUND

### A.　Factual Background

Recology is a California corporation with a principal place of business in San Francisco, California. *See* ECF No. 1-2 ("Complaint") ¶ 3; ECF No. 3 at 2 (Recology Inc.'s Corporate Disclosure Statement). Reynoso was employed by Recology at all relevant times to this action through his employment with Recology San Francisco ("Recology SF"), a subsidiary of Recology.

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 9.

Compl. ¶ 2; Not. of Removal at 4:4–5, n.2 (citing Declaration of Maurice Quillen ("Quillen Decl.") ¶ 3 (ECF No. 1-1)).  Recology SF "is a waste management company.  It provides waste management services mainly in San Francisco, California.  The company's services include collection and disposal of solid waste, recycling, and organics/compost."  Quillen Decl. ¶ 6.

On October 5, 2006, Recology offered Reynoso employment "in various capacities, including as a material handler/freon technician and relief driver."  Compl. ¶ 11; *see* Quillen Decl. ¶ 4 (noting Reynoso was employed by Recology SF "beginning on or about October 6, 2006").  On October 27, 2023, Recology terminated Reynoso's employment.  Compl. ¶ 34; Not. of Removal at 4:21–22 (citing Quillen Decl. ¶ 4).  Recology reinstated Reynoso's employment on March 18, 2025.  Compl. ¶ 39.

Reynoso brings claims against Recology for violations of the California Fair Employment and Housing Act ("FEHA"), California Labor Code, and California Business and Professions Code.  *See generally id.*  Reynoso alleges that despite his "exceptional work ethic and dedication to his job, [Recology] has repeatedly harassed and discriminated against [Reynoso] because of his medical conditions/disabilities," and retaliated against Reynoso "for reporting his injury and asserting his workplace rights."  *E.g., id.* ¶¶ 13, 83.

### 1.    Collective Bargaining Agreement And Dispute Resolution

Recology asserts that through his employment by Recology SF, Reynoso is "in a classification that is part of the bargaining unit represented by the Sanitary Truck Drivers and Helpers Union Local 350, IBT [the "Union"]."  Not. of Removal at 4:4–6 (citing Quillen Decl. ¶ 3); *see also* Compl. ¶ 37 ("[Reynoso's] union filed a grievance challenging the termination, which was arbitrated.").  Recology SF and the Union are parties to a Collective Bargaining Agreement (the "CBA") effective January 1, 2022, through December 31, 2026.  Not. of Removal at 4:6–8 (citing Quillen Decl. ¶ 3); Mot. at 3:11–14; *see* Quillen Decl., Ex. A (CBA).  According to Recology, "[t]hroughout [Reynoso's] employment by Recology SF, [Reynoso] has been a member of the Union and subject to the provisions of the CBA."  Not. of Removal at 4:8–9 (citing Quillen Decl. ¶ 3).

The CBA describes procedures for settling disputes between parties that are subject to the

United States District Court
Northern District of California

United States District Court
Northern District of California

CBA.  *Id.* at 4:14–20 (citing Quillen Decl. ¶ 3); *see* CBA at Section 17.  Pursuant to the CBA, the Union filed a grievance challenging Reynoso's termination by Recology.  Compl. ¶ 37; *see* Mot. at 3:14–15 ("Reynoso exhausted the grievance process under the parties' CBA to be reinstated at Recology[.]"); Not. of Removal at 4:21–23 (citing Quillen Decl. ¶ 4) (stating that on October 27, 2023, Reynoso "filed a grievance challenging his termination").  Pursuant to the CBA, "[o]n October 23, 2024, the Union, on behalf of [Reynoso], and [Recology] participated in a labor arbitration of [Reynoso's] grievance."  Not. of Removal at 4:23–24 (citing Quillen Decl. at ¶ 4); *see* Compl. ¶ 37.  On December 30, 2024, the arbitrator issued a decision and award.  Not. of Removal at 4:24–25 (citing Quillen Decl. ¶ 4); Compl. ¶ 38; *see* Quillen Decl., Ex. B ("Arbitration Award").

**2.    Factual Allegations**

Overall, Reynoso brings claims against Recology arising out of his employment with Recology.  *See generally* Compl.  Reynoso makes the following allegations in his Complaint.

While employed by Recology, Reynoso engaged in protected activity under the California Labor Code "by reporting a work-related injury that occurred during a lithium battery fire on or about October 27, 2022.  [Reynoso] reported the incident to his supervisor, Pink."  *Id.* ¶¶ 81, 92. "Rather than reporting the incident and filing a workers' compensation claim, Pink suppressed the report, and [Reynoso] was forced to file a state disability claim instead."  *Id.* ¶¶ 82, 93.  Recology took adverse actions against Reynoso,

> including sending him to company doctors to prematurely release him to work, and later sending a series of misleading letters designed to build a case for termination during [Reynoso's] disability leave. These actions were taken to retaliate against [Reynoso] for reporting his injury and asserting his workplace rights.

*Id.* ¶¶ 83, 94.

Reynoso "also engaged in additional protected activity by filing an administrative charge with the Equal Employment Opportunity Commission (EEOC), and by testifying and participating in arbitration proceedings involving his injury and retaliation claims."  *Id.* ¶¶ 85, 96.  Recology again violated the Labor Code

> when it failed to reinstate [Reynoso] in a timely manner following an

3

1

> arbitration award ordering his reinstatement.  Despite the arbitrator's
> ruling requiring immediate reinstatement, [Recology] delayed
> [Reynoso's] return to work by eleven weeks, which resulted in
> additional lost wages, lost benefits, and emotional distress.

2

3    *Id.* ¶¶ 84, 95.  "The temporal proximity between [Reynoso's] participation in protected

4    proceedings and [Recology's] refusal to timely reinstate him, along with the pattern of adverse

5    conduct following his injury report, support a causal connection between [Reynoso's] protected

6    activity and [Recology's] retaliatory actions."  *Id.* ¶¶ 86, 97.

7         On December 18, 2023, Reynoso filed a charge of discrimination with the EEOC and a

8    complaint with the California Civil Rights Department ("CRD").  *Id.* ¶¶ 9, 36.  On November 13,

9    2024, the CRD issued a Right-To-Sue Notice.  *Id.* ¶ 10.  On December 30, 2024, following the

10   Union's filed grievance and arbitration between the Union and Recology, the arbitrator "sustained

11   the union's grievance, ordered [Reynoso's] reinstatement, directed that he be made whole for any

12   lost benefits, and required the parties to engage in the interactive process."  *Id.* ¶¶ 37–38.  "Despite

13   the arbitrator's order, [Recology] did not reinstate [Reynoso] until March 18, 2025."  *Id.* ¶ 39.

14   **B.    Procedural Background**

15        On July 23, 2025, Reynoso filed this case in San Francisco County Superior Court against

16   Recology and Does 1–20.  *See* ECF No. 1-2 at 5 (*Eduardo Reynoso v. Recology, Inc.*, Case No.

17   CGC-25-627506).  Reynoso alleges eleven causes of action under California law:  (1) Disability

18   Discrimination under FEHA (Cal. Gov. Code § 12940 *et seq.*); (2) Failure to Accommodate under

19   FEHA (Cal. Gov. Code § 12940(m)); (3) Failure to Engage in the Interactive Process under FEHA

20   (Cal. Gov. Code § 12940(n)); (4) Retaliation in Violation of Labor Code § 1102.5; (5) Retaliation

21   in Violation of Labor Code § 6310; (6) Wrongful Termination in Violation of Public Policy; (7)

22   Failure to Prevent Discrimination (Cal. Gov. Code § 12940 *et seq.*); (8) Negligent Failure to Train

23   and Supervise; (9) Unfair Business Practices (Bus. & Prof. Code § 17200 *et seq.*); (10) Failure to

24   Produce Records (Cal. Lab. Code §§ 226, 432, 1198.5); and (11) Statutory Prejudgment Interest

25   (Cal. Civ. Code § 3287(a)).  Compl. ¶¶ 41–142.  Reynoso seeks, *inter alia*, damages, a declaratory

26   judgment, and injunctive relief.  *Id.* at 18–19.  On August 19, 2025, Recology filed an Answer to

27   Reynoso's Complaint in San Francisco County Superior Court.  Declaration of Jessica E. Quarless

28   ¶ 4 (ECF No. 1-2); *see* ECF No. 1-2 at 27 (Answer).

United States District Court
Northern District of California

On August 22, 2025, Recology filed a Notice of Removal asserting that the "Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331[.]"[2]  ECF No. 1 ("Not. of Removal") at 2:9–15.  On September 8, 2025, Reynoso filed the instant Motion to Remand.  ECF No. 10 ("Mot.").  On September 22, 2025, Recology filed an Opposition.  ECF No. 14 ("Opp.").  Recology also filed a Request for Judicial Notice in Support of Its Opposition.  ECF No. 14-2.  On September 29, 2025, Reynoso filed a Reply.  ECF No. 15 ("Reply").

### III.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the district court where the action is pending.  28 U.S.C. § 1441.  There are two bases for subject matter jurisdiction:  (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (cleaned up).  This rule restricts the defendant to the four corners of the plaintiff's statement of its claim and prevents removal even in the face of anticipated federal defenses.  *Id.*; *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense:  It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of federal law.") (cleaned up).

To establish diversity jurisdiction, the removing defendant must show (1) the amount in

---

[2] On September 12, 2025, following Reynoso's Motion to Remand, Recology filed a Motion for Administrative Relief, "specifically requesting that the Court stay [Recology's] obligation to engage in initial discovery pursuant to General Order No. 71 ('GO 71') pending an Order on [Recology's] upcoming Motion to Compel Arbitration."  ECF No. 11 at 2.  On September 16, 2025, Reynoso filed an Opposition to the Administrative Motion.  ECF No. 12.  On September 17, 2025, the Court denied the Administrative Motion.  ECF No. 13.

controversy exceeds $75,000, and (2) the suit is between citizens of different states.  28 U.S.C. § 1332.  As with federal question jurisdiction, the existence of diversity jurisdiction must be determined from the face of the complaint.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  In addition, "28 U.S.C. § 1441(b)(2) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); 28 U.S.C. § 1441(b)(2).  Put simply, a defendant sued in a diversity action in the state where they reside cannot remove the case to federal court. *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1126 (N.D. Cal. 2012).

"Upon removal, a defendant assumes voluntarily the burden of establishing federal jurisdiction." *Love v. Villacana*, 73 F.4th 751, 755 (9th Cir. 2023) (cleaned up).  "Therefore, a removing defendant must allege facts in the notice of removal supporting the existence of subject-matter jurisdiction and Article III standing." *Id.* (citing 28 U.S.C. § 1446(a)).  The right to removal must be supported by a preponderance of the evidence.  *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).  "[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of removal."  *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).

Moreover, the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *accord Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  Thus, there is a "strong presumption against removal jurisdiction."  *Hansen*, 902 F.3d at 1057 (citation omitted).  "[A]nd any doubt is resolved against removability."  *Luther*, 533 F.3d at 1034.  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV.    DISCUSSION

Recology asserts that the Court has subject matter jurisdiction over this action on federal question grounds because Reynoso's claims (1) are preempted by section 301 of the Labor Management Relations Act ("LMRA"); and (2) are subject to federal preemption arising under the *Garmon* doctrine because Reynoso's claims arise out of his protected activity under the National Labor Relations Act ("NLRA").  Not. of Removal at 5:2–6:15, 8:18–9:13.  Recology further asserts that the Court has supplemental jurisdiction over any non-preempted claims because they are based on the same nucleus of operative facts.  *Id.* at 2:12–15, 9:14–22.

Reynoso argues that the Court should remand this action to the San Francisco County Superior Court because "Recology cannot demonstrate federal subject matter jurisdiction" exists because his "claims are not subject to federal preemption under the LMRA or NLRA."  Mot. at 6:27–7:3.

As a threshold matter, Recology does not assert that diversity jurisdiction exists in this case.  Nor could it.  As a California citizen, Recology cannot remove this case based on diversity jurisdiction because the forum defendant rule applies.  *See* ECF No. 3 at 2 ("Recology Inc. is a corporation with its principal place of business in San Francisco, California."); 28 U.S.C. § 1441(b)(2) (directing that an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); *Spencer v. U.S. Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

The question is whether the Court has subject matter jurisdiction over this case on federal question grounds.  In sum, the Court concludes that Reynoso's state law claims are not preempted by the LMRA, his claims are not subject to removal under the *Garmon* doctrine, and that the Court therefore lacks subject matter jurisdiction over this case.

### A.    Request For Judicial Notice

Recology asks the Court to take judicial notice of two documents:

> 1. Recology San Francisco Transfer Station Collective Bargaining Agreement in effect January 1, 2022 – December 31, 2026 ('CBA').

2. Decision and Award of Robert M. Hirsch, Arbitrator in the matter of Teamsters Local 350 (IBT) and Recology, Inc. SF.

ECF No. 14-2. Reynoso does not object to the request in his Reply. *See generally* Reply.

The Federal Rules of Evidence allow the Court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Here, the Court finds that it is unnecessary to take judicial notice of the CBA and the Arbitration Award because these documents are already before the Court as exhibits to the Notice of Removal. *See* Quillen Decl., Exs. A, B; *cf. Fenton v. Wells Fargo Home Mortg.*, No. 17-cv-0113-DMS(WVG), 2017 WL 1346672, at *2 (S.D. Cal. Apr. 12, 2017) (citing *Beal v. Royal Oak Bar*, No. C-13-04911-LB, 2014 WL 1678015, at *2 n.2 (N.D. Cal. Apr. 28, 2014) (denying request for judicial notice "[b]ecause these documents are already filed in the docket for this action, it is unnecessary for the court to take judicial notice of them."); *Johnson v. Haight Ashbury Med. Clinics, Inc.*, No. C-11-02052-YGR, 2012 WL 629312, at *1 (N.D. Cal. Feb. 27, 2012) (denying request for judicial notice "because it is unnecessary to take judicial notice of documents in the record in this action")); *see also Patoc v. Lexington Ins. Co.*, No. 08-01893-RMW(PVT), 2008 WL 3244079, at *3 n.3 (N.D. Cal. Aug. 5, 2008) ("Because this complaint is already before the Court as an exhibit to the Notice of Removal, the Court does not need to take judicial notice of this complaint.").

Accordingly, the Court **DENIES** Recology's Request for Judicial Notice.

**B.    Section 301 Of The Labor Management Relations Act**

Reynoso argues that his claims are not preempted by the LMRA because they "arise from state law, independent of the parties' CBA." Mot. at 6:27–7:3. Recology contends that Reynoso's state law retaliation claims are preempted by the LMRA because (1) Reynoso "invokes a right to reinstatement that derives *solely* from the labor arbitrator's authority to award remedies under Section 17 of the [CBA]"; and (2) Reynoso's claims "cannot be resolved without interpreting the terms of the Arbitration Award and the CBA itself." Opp. at 1:1–27 (emphasis in original).

"The most common way that federal questions are disguised as matters of state law involves what is known as the 'complete preemption' doctrine. Complete preemption refers to the

United States District Court
Northern District of California

1    situation in which federal law not only preempts a state-law cause of action, but also substitutes an

2    exclusive federal cause of action in its place." *Hansen*, 902 F.3d at 1057 (cleaned up).  "Section

3    301 of the LMRA is an example of a statute that completely preempts certain state-law claims that

4    are intertwined with an employee's rights under a CBA." *Hernandez v. Pac. Underground*

5    *Constr., Inc.*, No. 25-cv-00489-PCP, -- F. Supp. 3d --, 2025 WL 2301747, at *2 (N.D. Cal. Aug.

6    11, 2025).

7        Section 301 of the LMRA states:

8            Suits for violation of contracts between an employer and a labor
             organization representing employees in an industry affecting
9            commerce as defined in this chapter, or between any such labor
             organizations, may be brought in any district court of the United
10           States having jurisdiction of the parties, without respect to the amount
             in controversy or without regard to the citizenship of the parties.

11

12   29 U.S.C. § 185(a) ("Section 301").  Section 301 thus "preempts any state cause of action for

13   violation of contracts between an employer and a labor organization." *Renteria-Hinojosa v.*

14   *Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088 (9th Cir. 2025) (citing *Franchise Tax Bd. of State*

15   *of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983)) (cleaned up).

16   "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that

17   can be removed to a federal court." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir.

18   2019).  However, Section 301 preemption has limits; for example, "prohibiting discrimination in

19   employment, and establishing other worker rights remains well within the traditional police power

20   of the states, and claims alleging violations of such protections will not necessarily be preempted,

21   even when the plaintiff is covered by a CBA." *Id.* (cleaned up).

22       The Ninth Circuit "has distilled the Supreme Court's doctrine on § 301 preemption into a

23   two-part inquiry into the nature of a plaintiff's claim:  § 301 preempts a plaintiff's state law claim

24   only where the claim (1) arises entirely from a collective bargaining agreement or (2) requires

25   interpretation of the agreement." *Renteria-Hinojosa*, 150 F.4th at 1088 (citing *Alaska Airlines Inc.*

26   *v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc)) (cleaned up).

27       At step one of the test, courts "evaluate the legal character of the claim by asking whether

28   it seeks purely to vindicate a right or duty created by the CBA itself." *Id.* (citing *Livadas v.*

9

*Bradshaw*, 512 U.S. 107, 123 (1994)) (cleaned up). For preemption to occur at step one, "[t]he collective bargaining agreement must be the only source of the right the plaintiff seeks to vindicate." *Id.* at 1088–89 (citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258 (1994)) (cleaned up). "Thus, a claim that involves a right conferred upon an employee by virtue of state law is not preempted at step one." *Id.* at 1089 (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)) (cleaned up).

A court only proceeds to step two if preemption does not occur at step one—there, it asks "whether litigating the state law claim nonetheless requires interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Id.* (quoting *Alaska*, 898 F.3d at 921). "Claims are only preempted at step two to the extent there is an active dispute over the meaning of contract terms." *Id.* (cleaned up). "Accordingly, a state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Curtis*, 913 F.3d at 1153.

Here, as discussed below, the Court concludes that Reynoso's state law retaliation claims arise independently under state law and do not require interpretation of the CBA.

Accordingly, Reynoso's state law claims are not preempted by Section 301. As such, removal is not warranted on this ground.

### 1. Section 301 Preemption: Step One

Reynoso argues that his "claims all arise from independent California state law, not the CBA," and that his "complaint clearly does not seek relief for any violation of the CBA." Mot. at 8:1–20. Recology contends that Reynoso's state law retaliation claims are preempted at step one because Reynoso "asserts a reinstatement right based on the Arbitration Award," and that Reynoso "alleges retaliation based on the arbitrator's reinstatement order." Opp. at 3:14–4:14.

Here, the Court concludes that because Reynoso's state law retaliation claims do not arise entirely from the CBA, they are not preempted at step one. *See Burnside*, 491 F.3d at 1059 ("If the right exists *solely* as a result of the CBA, then the claim is preempted[.]") (emphasis added). At the outset, Recology misconstrues the nature of Reynoso's retaliation claims. Contrary to Recology's assertion, Reynoso does not seek to vindicate a "reinstatement right." Opp. at 3:14–

4:14; *see* Reply at 4:15 ("[Reynoso's] claims are based on his whistleblowing rights under the Labor Code[.]").  Instead, Reynoso seeks to vindicate his right under California law to be free from retaliation, in the form of adverse action from his employer, for engaging in protected activity.  Mot. at 8:1–20; *see* Compl. ¶¶ 79–100 (alleging retaliation under California Labor Code §§ 1102.5, 6310); *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 709 (2022) (explaining that Labor Code section 1102.5 prohibits an employer from retaliating against an employee for sharing certain information); *St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 311 (2019) ("Labor Code section 6310 protects an employee from discharge or other discrimination by the employer for filing a complaint about workplace safety.").

In other words, because it is California law—and not the CBA—that defines Reynoso's retaliation claims and the adverse action condition precedent to those claims, the claims do not arise from the CBA.  *See St. Myers*, 44 Cal. App. 5th at 318 ("In California, an employee seeking recovery on a theory of unlawful discrimination or retaliation must demonstrate that he or she has been subjected to an adverse employment action that materially affects the terms, conditions, or privileges of employment[.]") (citation omitted); *cf. McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1010–11 (9th Cir. 2018) (quoting *Burnside*, 491 F.3d at 1064) (holding that employee's claims that he was not paid minimum wage as required under California state law and city ordinance did not arise under employee's collective bargaining agreement because the right to be paid according to state law is "one that came into existence entirely independently of the CBA, and that remains in existence, independently of the CBA").  As such, California law determines whether Recology's purported failure to reinstate Reynoso in a timely manner constitutes an adverse employment action—this is true regardless of what the Arbitration Award or CBA say.  Reply at 5:12–16.  So while Recology is free to raise *as a defense* that it complied with the Arbitration Award, that does not change the fact that Reynoso's retaliation claims do not arise from the CBA.  *See McCray*, 902 F.3d at 1010 ("A defendant can't rely on a CBA as an aspect of her defense simply to inject a federal question into an action that asserts what is plainly a state-law claim.") (cleaned up).

Moreover, Recology's argument that Reynoso's claims are preempted at step one because

United States District Court
Northern District of California

Reynoso alleges that Recology's "*violation of the Arbitration Award* constituted unlawful

retaliation," is unavailing.  Opp. at 4:9–10 (citing Compl. ¶¶ 84, 95) (emphasis in original).

Reynoso alleges that Recology violated the Labor Code

> when it failed to reinstate [Reynoso] in a timely manner following an
> arbitration award ordering his reinstatement.  Despite the arbitrator's
> ruling requiring immediate reinstatement, [Recology] delayed
> [Reynoso's] return to work by eleven weeks, which resulted in
> additional lost wages, lost benefits, and emotional distress.

Compl. ¶¶ 84, 95.  Even if Reynoso's retaliation claims are predicated in part on Recology's

breach of the Arbitration Award, *Kobold v. Good Samaritan Reg'l Med. Ctr.* does not support

Recology's proposition that "state law claims predicated on breach of an arbitrator's order . . . can

give rise to LMRA preemption" at step one.  Opp. at 3:14–4:14 (citing 832 F.3d 1024 (9th Cir.

2016)); *see* Reply at 3:18–19 ("*Kobold* does <u>not</u> rule that state law claims predicated on the breach

of an arbitrator's orders give rise to LMRA preemption.") (emphasis in original).  *Kobold* merely

stands for the proposition that where an arbitrator determines that an employee's claims arise out

of a collective bargaining agreement, those claims are preempted at step one.  *See Kobold*, 832

F.3d at 1046–47 ("[F]or preemption purposes, an employee may assert a right that arises from a

CBA as interpreted by an arbitrator even where the right is not explicitly mentioned in the text of

the agreement.").  Further, even if the Arbitration Award is part and parcel of the CBA—which as

explained below, it is not—"the arbitrator made no determination as to whether Reynoso's

retaliation claims, as alleged in his complaint, arose out of the CBA or independently."  Mot. at

8:15–17; *see* Reply at 3:25–27; Arbitration Award at 2–3 (citing CBA Section 2 (Non-

Discrimination) and Section 11 (Maintenance and Benefits)).  Therefore, because Reynoso's right

to be free from retaliation arises under state law "and would exist with or without the CBA,"

Section 301 does not preempt his state law retaliation claims at this stage.  *McCray*, 902 F.3d at

1010.

Accordingly, Reynoso's state law retaliation claims are not preempted at step one of the

Section 301 preemption analysis.

**2.      Section 301 Preemption:  Step Two**

Reynoso argues that

1

2

3

> [t]he merits of [his] claims can be resolved entirely without interpreting or enforcing any provision of the award of the CBA. Additionally, interpretation of the arbitration award and/or the CBA is wholly unnecessary to determine the motivation for Recology's delayed reinstatement of Reynoso after the arbitration award.

4  Mot. at 9:11–14.  Recology contends that Reynoso's state law retaliation claims are preempted at

5  step two "because the resolution of [Reynoso's] retaliation claims based on the reinstatement

6  provision of the Arbitration Award raises myriad questions of interpretation about the Award and

7  the CBA[.]"  Opp. at 5:22–24.

8       Here, the Court concludes that because Reynoso's state law retaliation claims do "not raise

9  questions about the scope, meaning, or application of the CBA," they are not preempted at step

10  two.  *Curtis*, 913 F.3d at 1153.  Recology's argument that Reynoso's retaliation claims are

11  preempted at step two rises and falls with its assertion that interpreting the terms of the Arbitration

12  Award is tantamount to interpreting the terms of the CBA.  *See* Not. of Removal at 5:21

13  ("Arbitration awards awarded under the CBA's grievance process are also part of the CBA.").

14  The problem with this argument is that Recology points to no authority—and the Court is aware of

15  none—supporting its proposition that "[u]nder settled Ninth Circuit law, every allegation that

16  [Reynoso] makes about the 'arbitrator's ruling' or 'participation in arbitration proceedings' is also

17  an allegation about the CBA, because the Grievance Award *is* part of the CBA."  *Id.* at 7:20–22

18  (emphasis in original).

19       Recology's cited cases do not stand for the proposition that *an entire arbitration award* is

20  part of a collective bargaining agreement—instead, they demonstrate that *an arbitrator's*

21  *interpretation* of a collective bargaining agreement becomes part of that agreement.  *Id.* at 5:21–

22  6:3; *see, e.g., Hawaii Teamsters & Allied Workers Union, Loc. 996 v. United Parcel Serv.*, 241

23  F.3d 1177, 1181 (9th Cir. 2001) (equating an "arbitrator's contract interpretation" with the

24  "contract itself"); *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n*

25  *of Machinists & Aerospace Workers*, 886 F.2d 1200, 1206 (9th Cir. 1989) (explaining arbitrators'

26  awards "are ad hoc documents which express the meaning of a collective bargaining agreement as

27  applied to a particular set of facts").  Even *Kobold*, the case most heavily relied on by Recology,

28  does not support this proposition.  Not. of Removal at 5:21–26 (citing *Kobold*, 832 F.3d at 1046–

United States District Court
Northern District of California

13

47); Opp. at 3:14–4:14 (same).  The Court agrees with Reynoso that "*Kobold* has no such hard-line rule" that "an arbitrator's award under the CBA process is also part of the CBA."  Mot. at 8:10–17.  Indeed, the *Kobold* court explained that where an arbitrator's interpretation of a collective bargaining agreement determines that "an employee's otherwise independent state law claim in fact asserts a right created by the CBA," that claim is preempted; however, the court did not formulate an inverse rule that a claim containing allegations about arbitration is preempted.  *Kobold*, 832 F.3d at 1033–34.  Therefore, even assuming, *arguendo*, that Reynoso's claims require interpreting the Arbitration Award, this alone does not warrant preemption under Section 301.

Moreover, Recology's argument that Reynoso's allegations regarding Recology's failure to reinstate him "necessarily means that his retaliation claims are based on alleged violations of the CBA" falls flat.  Not. of Removal at 8:5–7.  The argument rests on a faulty premise that determining if Recology violated the Labor Code "'when it failed to reinstate [Reynoso] *in a timely manner*,' as alleged, necessarily requires interpretation" of the Arbitration Award and CBA.  Opp. at 4:16–25 (emphasis in original).  Not so.  As discussed, "[w]hether Recology's delay of 11 weeks to reinstate Reynoso was retaliatory" and "whether Recology's failure to timely reinstate [Reynoso] is an adverse employment action requires an examination of California law, not the CBA or arbitration award."  Reply at 5:3–16.  If anything, Recology may turn to the Arbitration Award—or the CBA for that matter—to defend its actions surrounding Reynoso's reinstatement.  *See Lawson*, 12 Cal. 5th at 712–13, 718 (holding that under Labor Code section 1102.5, an employer can raise an affirmative defense by demonstrating, "by clear and convincing evidence, that it would have taken the action in question for legitimate, independent reasons even had the plaintiff not engaged in protected activity").  However, even if Reynoso's claims invite Recology to invoke the Arbitration Award or the CBA as a defense, preemption is not warranted.  *See* Reply at 4:11–15; *Alaska*, 898 F.3d at 921 ("claims are not simply CBA disputes by another name . . . if they just . . . invite use of the CBA as a defense").

Finally, Recology's remaining cited cases are inapposite.  *See* Opp. at 5:22–6:18.  In *De'Sart v. Pac. Gas & Elec. Co., Inc.* and *Audette v. Int'l Longshoremen's & Warehousemen's Union*, the plaintiff "(i) pleaded state law retaliatory discharge claims and (ii) expressly challenged

14

the employer's actions under a collective bargaining agreement." *De'Sart*, No. 18-cv-03515-JFW-MRW, 2018 WL 3545927, at *3 (C.D. Cal. July 18, 2018) (citing *Audette*, 195 F.3d 1107, 1010–11 (9th Cir. 1999)).  But here, Reynoso does not challenge any actions by Recology under the parties' CBA.  And in *Sullivan v. Aramark Unif. & Career Apparel, Inc.*, the plaintiff specifically alleged that the employer violated the "contract terms" of the parties' collective bargaining agreement.  No. C-11-02973-HRL, 2011 WL 3360006, at *5–6 (N.D. Cal. Aug. 3, 2011).  In contrast, Reynoso does not "seek to vindicate more than just his protected union activity or his reporting of health and safety violations." *Id.* at *6.

In short, Recology "has not identified any specific CBA clause requiring interpretation." Mot. at 9:15.  Thus, because Recology does not identify any provision in the CBA requiring interpretation by virtue of Reynoso's *retaliation claims*, Recology fails to show that Section 301 preemption applies.  *See McCray*, 902 F.3d at 1011 ("It is only state-law actions that require interpretation of labor agreements that are preempted.") (cleaned up).

Accordingly, Reynoso's state law retaliation claims are not preempted at step two of the Section 301 preemption analysis.

## C.    The *Garmon* Doctrine

Reynoso argues that his "complaint does not contain Section 7 protected activity for which the NLRB has jurisdiction under the Garmon Doctrine," and that the *Garmon* doctrine "is not a basis for federal removal jurisdiction." Mot. at 7:1–2, 9:21–11:23.  Recology does not discuss *Garmon* preemption or respond to Reynoso's arguments on *Garmon* in its Opposition. *See generally* Opp.[3]

*Garmon* preemption—stemming from the *Garmon* doctrine—holds that "States cannot regulate conduct that the NLRA protects, prohibits, or arguably protects or prohibits." *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 776 (2023) (cleaned up). Under *Garmon*, "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as

---

[3] However, Recology cited the *Garmon* doctrine as a basis for removal in its Notice of Removal. Not. of Removal at 8:18–9:13.  Because the Court has a *sua sponte* duty to assess federal subject matter jurisdiction., the Court addresses whether *Garmon* preemption applies to Reynoso's claims. 28 U.S.C. § 1447(c).

United States District Court
Northern District of California

1    well as the federal courts must defer to the exclusive competence of the National Labor Relations

2    Board." *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).  Section 7 of

3    the NLRA protects employees' rights.  *Glacier*, 598 U.S. at 775 (citing 29 U.S.C. § 157).  Section

4    8 of the NLRA, in turn, prohibits certain actions by employers and unions.  *Id.* (citing 29 U.S.C. §

5    158(a), (b)).

6          Here, the Court concludes that Reynoso's state law claims are not subject to removal under

7    the *Garmon* doctrine.  "[S]tate law actions claimed to be preempted by sections 7 and 8 of the

8    NLRA are not removable to federal court."  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1400

9    (9th Cir. 1988).  Thus, whether Reynoso's claims are preempted by the NLRA is for the state

10   court to determine in the first instance.  *See id.* ("Indeed, the Supreme Court made absolutely clear

11   in its *Davis* decision that the *Garmon*-preemption analysis is one that the state courts are to

12   undertake in the first instance.").  Accordingly, removal is not warranted on this ground.

13                              **V.    CONCLUSION**

14          For the reasons stated above, the Court **GRANTS** Reynoso's Motion to Remand.

15          **IT IS SO ORDERED.**

16

17   Dated: October 3, 2025

18                                                         _____
19                                                         THOMAS S. HIXSON
                                                           United States Magistrate Judge
20

21

22

23

24

25

26

27

28